UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARILYN TOSTON,

    Petitioner,

v.

STATE OF NEVADA, *et al.,*

    Respondents.

Case No. 2:18-cv-02424-GMN-BNW

ORDER

This habeas action under 28 U.S.C. § 2254 comes before the Court on petitioner's application to proceed *in forma pauperis* (ECF No. 1), her motion for appointment of counsel (ECF No. 3), and her motion to add an additional ground (ECF No. 4), as well as for initial review.

### *Pauper Application*

The Court finds based on the current record that petitioner is unable to pay the filing fee within a reasonable period of time, and the pauper application therefore will be granted. The Court reserves the option of requiring petitioner to provide updated and additional financial information should her financial status be at issue later in the case.

### *Counsel Motion*

On petitioner's motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies

1

within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986).

The Court is not persuaded that the interests of justice require the appointment of counsel herein. The issues presented are not unduly complex, and petitioner has demonstrated an adequate ability to articulate her claims and arguments with the resources available to her. The relative duration of petitioner's sentence, standing alone, otherwise does not argue in favor of applying limited indigent defender resources.[1]

The motion for appointment of counsel therefore will be denied.

### *Motion to Add Additional Ground*

The federal petition includes five grounds challenging the judgment of conviction and one ground challenging the state court determination that her state post-conviction petition was untimely. Petitioner submitted the motion to add additional ground at the same time as the federal petition, seeking "permission to explore the original five (5) grounds in addition to one more to challenge the procedural time bar." (ECF No. 4, at 1.)

The motion will be denied as unnecessary. The additional claim already is in the federal petition, as Ground 1; and the Court's permission to include the claim in the first instance is not required.[2]

---

[1] At least the original June 30, 2015, judgment of conviction reflects that Toston was sentenced in the aggregate to 79 to 288 months with presentence credit of 729 days. (*See* ECF No. 3, at 10 & 13-14.) Petitioner asserts that she was released on parole on August 8, 2018. (ECF No. 1-1, at 2.) Toston's inmate locator page on the state corrections department's website suggests that she may be able to fully expire her last remaining sentence by on or about August 25, 2020.

[2] Whether the claim is subject to dismissal is another matter, however. The Court has jurisdiction under 28 U.S.C. § 2254 only over a collateral challenge to a state court judgment of conviction. The Court otherwise does not have jurisdiction to entertain collateral attacks on other types of judgments, such as a judgment in a state post-conviction proceeding. A federal district court does not exercise appellate or supervisory jurisdiction over the state courts. Accordingly, claims of procedural error in state post-conviction proceedings are not cognizable in a federal habeas corpus proceeding, even when such claims are based on the federal constitution. *See, e.g., Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). As with claims of federal constitutional error regarding other state court judgments, such claims may be pursued only via timely *certiorari* review in the United States Supreme Court. Given the other deficiencies in the petition discussed in this order, the Court has no occasion at this point to dismiss Ground 1 for failure to state a claim upon which relief may be granted.

### *Failure to Sign and Verify the Petition*

Petitioner signed neither the petition nor the verification of the petition. (ECF No. 1-1, at 15.). Rule 11(a) of the Federal Rules of Civil Procedure and Rule 2(b)(5) of the Rules Governing Section 2254 Cases (the "Habeas Rules") together require that a petitioner sign both the petition and the verification. The Court will give petitioner an opportunity to file a pleading that is both signed and verified. If she does not timely do so, the action will be dismissed without further advance notice.

### *Proper Respondent*

Under Habeas Rule 2(a), the petitioner must name as a respondent "the state officer who has custody" over the petitioner. The 1976 Advisory Committee Notes to the rule further reflect, *inter alia,* that specifically when a petitioner is on parole, the "named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency . . . ."

In her petition, Toston named, in addition to the state attorney general, the State of Nevada and the "Department of Parole and Probation."[3] Neither is a proper respondent. Petitioner instead must name as respondents both her individual parole officer and the officer in charge of the Division of Parole and Probation within the Nevada Department of Public Safety, not a departmental entity itself.[4]

The Court will give petitioner an opportunity to file a pleading that names the proper respondents. If she does not timely do so, the action will be dismissed without further advance notice.

////

---

[3] The Clerk did not docket the so named department as a respondent. The Court will direct the Clerk to add the department as a respondent, before then dismissing both the State and the department as respondents.

[4] The division's webpages reflect that Natalie Wood is the chief of the division. See: http://npp.dps.nv.gov/Contact/Staff/ .

Petitioner additionally may not proceed directly against the State of Nevada due to the state sovereign immunity recognized by the Eleventh Amendment. State sovereign immunity bars an action against a state or an arm of a state in federal court regardless of the relief sought. *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).

IT THEREFORE IS ORDERED that the application to proceed *in forma pauperis* (ECF No. 1) is GRANTED and petitioner will not be required to pay the filing fee.

IT FURTHER IS ORDERED that petitioner's motion for appointment of counsel is DENIED and her motion to add additional ground is DENIED as unnecessary.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition.[5]

IT FURTHER IS ORDERED that the Clerk shall ADD the "Department of Parole and Probation" as a named respondent and that said respondent and the State of Nevada then shall be DISMISSED without prejudice as respondents herein. The action otherwise remains pending following such dismissal, which is not intended to serve as a final judgment concluding the action.

IT IS FURTHER ORDERED that, within thirty (30) days of entry of this order,[6] petitioner shall file an amended petition that: (a) is both signed and verified, and (b) names proper respondents consisting of her individual parole officer and the officer in charge of the Division of Parole and Probation within the Nevada Department of Public Safety. This action will be dismissed without further advance notice if petitioner fails to timely do so.

DATED THIS May 17, 2019

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[5] The filing of the petition does not signify that the pleading is free of deficiencies.

[6] Petitioner should note that the prison mailbox rule otherwise applicable in federal court proceedings does not apply to her filings in this federal habeas action because she no longer is in physical custody. The deadline in the text therefore is a deadline by which an amended pleading must be actually received by the Clerk for filing, not merely mailed by petitioner for filing.

4