# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARILYN TOSTON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>NATALIE WOODS, et al.,<br><br>　　　　　Respondents. | Case No. 2:18-cv-02424-GMN-BNW<br><br>**ORDER** |

Petitioner has filed an amended petition for a writ of habeas corpus (ECF No. 8). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss one ground. The court will serve the petition upon respondents for a response to the remainder of the petition.

**Background**

After a jury trial, petitioner was convicted of seven counts of theft, three counts of forgery, and one count of embezzlement. State v. Toston, No. 09C252888.[1] Petitioner appealed. The Nevada Supreme Court transferred the case to the Nevada Court of Appeals. The Nevada Court of Appeals affirmed on May 17, 2016. The Nevada Court of Appeals transferred the case

---

[1] https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0 (report generated July 3, 2019). The case number needs to be entered exactly to access this case.

1

back to the Nevada Supreme Court, which issued the remittitur on June 13, 2016. Toston v. State, No. 68530.[2]

On December 16, 2016, petitioner filed a habeas corpus petition in the state district court. Toston v. Neven, No. A-16-748291-W.[3] This petition claimed that the credits earned toward an earlier release should be applied to petitioner's minimum term and parole eligibility. The state district court granted the petition. Petitioner appealed. The Nevada Supreme Court dismissed the appeal for lack of jurisdiction because petitioner was not an aggrieved party. Toston v. Warden, No. 74260.[4]

On June 28, 2017, petitioner filed a post-conviction habeas corpus petition in the state district court. This petition challenged the validity of the judgment of conviction. The state district court found that the petition was untimely because petitioner filed it more than one year after issuance of the remittitur at the end of the direct appeal, under Nev. Rev. Stat. § 34.726(1).[5] Petitioner appealed. The Nevada Supreme Court transferred the case to the Nevada Court of Appeals. The Nevada Court of Appeals affirmed on September 11, 2018. The Nevada Court of Appeals denied rehearing on November 16, 2018. The Nevada Court of Appeals transferred the case back to the Nevada Supreme Court, which issued the remittitur on December 11, 2018. Toston v. State, No. 74255.[6]

On December 21, 2018, this court received the initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 7).[7] The court directed petitioner to file an amended

---

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=49509&combined=true (report generated July 3, 2019).

[3] https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0 (report generated July 3, 2019). The case number needs to be entered exactly to access this case.

[4] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=44492 (report generated July 3, 2019).

[5] A copy of the state district court's order is in the on-line docket of the appeal from that order, Toston v. State, No. 74255. http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=44487&combined=true (report generated July 3, 2019). The state district court erroneously stated that the remittitur at the end of the direct appeal issued on June 21, 2016. The on-line docket of the direct appeal, Toston v. State, No. 68530, shows that the Nevada Supreme Court issued the remittitur on June 13, 2016. The state district court received the remittitur on June 21, 2016. However, under Nev. Rev. Stat. § 34.726(1) the state one-year period commences from the issuance of the remittitur, not from the date that the state district court receives the remittitur.

[6] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=44487&combined=true (report generated July 3, 2019). The Nevada Court of Appeals used the correct date of the issuance of the remittitur at the end of the direct appeal, June 13, 2016.

[7] Petitioner stated that she mailed the petition on December 18, 2018. Petitioner was not in prison at the time. The inmate filing provision of Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District

petition that named the correct respondent and that was signed and verified. ECF No. 6. Petitioner then filed the amended petition (ECF No. 8).

**Discussion**

**A.     Ground 1 is not addressable in federal habeas corpus**

In ground 1, petitioner claims that the state courts erred in denying her post-conviction habeas corpus petition as untimely.  "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997). The court dismisses ground 1.

Additionally, ground 1 would be without merit even if it was addressable in federal habeas corpus.  "[A] petition that challenges the validity of a judgment or sentence must be filed [. . .], if an appeal has been taken from the judgment, within 1 year after the appellate court of competent jurisdiction pursuant to the rules fixed by the Supreme Court pursuant to Section 4 of Article 6 of the Nevada Constitution issues its remittitur." Nev. Rev. Stat. § 34.726(1). Nevada does not have a prison mailbox rule for the filing of a post-conviction habeas corpus petition. Gonzales v. State, 53 P.3d 901, 904 (Nev. 2002). The state district court received the post-conviction habeas corpus petition on June 21, 2017, and the state district court filed that petition on June 28, 2017. Either date is more than one year past the issuance of the remittitur on June 13, 2016, making the state petition untimely under § 34.726(1).[8]

**B.     The petition appears to be untimely**

Under 28 U.S.C. § 2244(d)(1)(A), petitioner had one year from the date her judgment of conviction became final to file a habeas corpus petition pursuant to 28 U.S.C. § 2254 in this court. Petitioner's judgment of conviction became final on August 15, 2016, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. See Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1).

---

Courts does not apply.
[8]     Even if Nevada did have a prison mailbox rule for the filing of a post-conviction habeas corpus petition, petitioner's state petition still would be untimely.  Petitioner alleges that she delivered her state petition for mailing on June 15, 2017.  ECF No. 8, at 3.  That date is more than one year past the issuance of the remittitur on June 13, 2016.

3

The one-year period was tolled while petitioner had a properly filed habeas corpus petition pending in the state courts. 28 U.S.C. § 2244(d)(2). The state petition that claimed that petitioner should have credits applied toward her minimum terms and parole eligibility qualified for tolling. The state petition that challenged the validity of the judgment of conviction did not qualify for tolling because it was untimely. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

The petition appears to be untimely. Between the finality of the judgment of conviction on August 15, 2016, and the filing of the state petition concerning her credits on December 19, 2016, one hundred twenty-five (125) non-tolled days had passed. That petition concluded favorably for petitioner on November 30, 2017. Between that date and the receipt of the initial petition in this action on December 21, 2018, three hundred eighty-five (385) non tolled days had passed.[9] The total of non-tolled days is five hundred ten (510), and that exceeds the one-year period.

Petitioner presents a claim of actual innocence in her amended petition. ECF No. 8, at 47-58. Actual innocence can excuse an untimely petition. McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013). This court needs more of the state-court record than it currently possesses to determine whether petitioner can satisfy the actual-innocence standard. For that reason, the court directs respondents to respond to the petition instead of directing petitioner to show cause why the action should not be dismissed.

**Conclusion**

IT THEREFORE IS ORDERED that ground 1 of the amended petition (ECF No. 8) is **DISMISSED**.

IT FURTHER IS ORDERED that the clerk shall add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

---

[9] The court uses the date that the state petition was granted and not the date that the Nevada Supreme Court issued the remittitur after dismissing the appeal. Petitioner could not appeal the order granting the petition because she was not an aggrieved party, and the Nevada Supreme Court lacked jurisdiction to hear the appeal. Consequently, that part of the proceedings was not a properly filed state post-conviction petition that qualified for tolling under 28 U.S.C. § 2244(d)(2).

In any event, less than two months passed between the granting of the state petition and the issuance of the remittitur on January 18, 2018. That difference would not make the federal petition timely.

1 | IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of the amended petition (ECF No. 8) and this order. In addition, the clerk shall return to petitioner a copy of the amended petition (ECF No. 8).

IT FURTHER IS ORDERED that respondents will have sixty (60) days from the date on which the petition was served to answer or otherwise respond to the petition. Respondents shall raise all procedural defenses in an initial motion to dismiss. The court does not wish to address procedural defenses either in serial motions to dismiss or in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that if respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner then will have thirty (30) days from the date on which the answer is served to file a reply.

IT FURTHER IS ORDERED that if respondents file a motion to dismiss, then petitioner will have thirty (30) days to file a response to the motion, and respondents will have twenty-one (21) days from the date of filing of the response to file a reply.

///
///
///
///
///

IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED: July 3, 2019

_____
GLORIA M. NAVARRO
Chief United States District Judge