# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARILYN TOSTON,

        Petitioner,

v.

NATALIE WOODS, et al.,

        Respondents.

Case No. 2:18-cv-02424-GMN-BNW

**ORDER**

**I.**     **Introduction**

This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the court are Marilyn Toston's amended petition for a writ of habeas corpus (ECF No. 8), respondents' motion to dismiss (ECF No. 17), Toston's opposition (ECF No. 28), and respondents' reply (ECF No. 31). The petition is untimely, and Toston does not contest that. The court finds that Toston has not demonstrated actual innocence to overcome the time-bar, and the court grants the motion.

**II.**     **Background**

After Toston's initial jury trial, the state district court convicted her of seven counts of theft, three counts of forgery, one count of burglary, one count of obtaining money under false pretenses, and one count of embezzlement. Ex. 49 (ECF No. 19-9). Toston appealed. The Nevada Supreme Court reversed and remanded. Ex. 63 (ECF No. 19-23). It held that the state

district court erred in the criminal trial by allowing Toston's civil attorney to testify to confidential communications. Id. at 4 (ECF No. 19-23 at 5).

After Toston's second jury trial, the state district court convicted her of seven counts of theft, three counts of forgery, and one count of embezzlement; the state district court imposed an aggregate sentence. Ex. 124 (ECF No. 21-4). The state district court later entered an amended judgment of conviction that removed the aggregate sentence. Ex. 131 (ECF No. 21-11). Toston appealed. The Nevada Supreme Court affirmed on May 17, 2016. Ex. 137 (ECF No. 21-17). The remittitur issued on June 13, 2016. Ex. 138 (ECF No. 21-18).

On December 16, 2016, Toston filed a habeas corpus petition in the state district court. Toston v. Neven, Case No. A-16-748291-W. This petition claimed that the credits earned toward an earlier release should be applied to Toston's minimum terms and eligibility for parole. The state district court granted the petition. Toston appealed. The Nevada Supreme Court dismissed the appeal for lack of jurisdiction because Toston was not an aggrieved party. Toston v. Warden, 407 P.3d 751, 2017 WL 6596622 (Nev. Dec. 22, 2017) (table disposition). The remittitur issued on January 18, 2018.

On June 28, 2017, Toston filed a post-conviction habeas corpus petition in the state district court. Ex. 141 (ECF No. 21-21, 21-22). This petition challenged the validity of the judgment of conviction. The state district court found that the petition was untimely because Toston filed it more than one year after issuance of the remittitur at the end of the direct appeal, under Nev. Rev. Stat. § 34.726(1). Ex. 151 (ECF No. 21-32). Toston appealed. The Nevada Supreme Court transferred the case to the Nevada Court of Appeals. Ex. 158 (ECF No. 21-39). The Nevada Court of Appeals affirmed on September 11, 2018. Ex. 159 (ECF No. 21-40). The Nevada Court of Appeals denied rehearing on November 16, 2018. Ex. 162 (ECF No. 21-43). The Nevada Court of Appeals transferred the case back to the Nevada Supreme Court, which issued the remittitur on December 11, 2018. Ex. 163 (ECF No. 21-44).

On December 21, 2018, this court received the initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 7. The court directed Toston to file an amended petition that named the correct respondent and that was signed and verified. ECF No. 6. Toston then

filed the amended petition. ECF No. 8. The court dismissed ground 1 because it was a claim of error in the state post-conviction proceedings, which is not addressable in federal habeas corpus. ECF No. 9 at 3. The court directed respondents to file a response to the remaining grounds. Respondents then filed their motion to dismiss. ECF No. 17.

### III. Legal Standard

Toston had one year from the date her judgment of conviction became final to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1)(A). Because she appealed the judgment of conviction, it became final when the time to petition for a writ of certiorari expired, on August 15, 2016. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1).

Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Toston's time-computation habeas corpus petition thus tolled the one-year period. Her post-conviction habeas corpus petition that challenged the validity of the judgment of conviction did not toll the one-year period, because it was untimely under state law.

Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). The court "must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." House v. Bell, 547 U.S. 518, 538 (2006). The question is not whether the new evidence was available to Toston at the time of trial, but whether the new evidence was introduced to the jury. Griffin v. Johnson, 350 F.3d 956, 963 (9th

Cir. 2003). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

**IV. Discussion**

**A. The action is untimely**

As the court has explained in its earlier order, the petition is untimely. The judgment of conviction became final on August 15, 2016. Between that date and the filing of the time-computation habeas corpus petition on December 19, 2016, 125 days passed. The federal one-year period then was tolled under 28 U.S.C. § 2244(d)(2). The tolling ended on November 30, 2017, when the state district court granted the petition. The subsequent appeal was not properly filed for the purposes of § 2244(d)(2) because Toston was the prevailing party, and under state law only an aggrieved party may appeal. Between November 30, 2017, and December 21, 2018, 385 days passed. A total of 510 non-tolled days passed, which is more than the one-year period of § 2244(d)(1). Toston acknowledges that the petition is untimely, and she does not challenge these calculations. Toston also does not argue that equitable tolling is warranted. Instead, Toston argues that actual innocence can excuse the time bar.

**B. Toston has not demonstrated actual innocence**

The court is not persuaded by Toston's argument that she is actually innocent. She presents multiple arguments about how the evidence presented at trial was insufficient to convict her, but legal insufficiency is not actual innocence. See Bousley, 523 U.S. at 623. She argues multiple instances of ineffective assistance of trial counsel, but those arguments go to the merits of whether counsel performed deficiently and prejudiced her, not whether she is actually innocent. Finally, all the evidence that Toston cites in support of her argument is evidence that the jury heard at trial. Toston has not tried to present any new evidence, as Griffin v. Johnson defines the term. 350 F.3d at 963. The jury found Toston guilty on most charges based upon that evidence. Without any new evidence, the court cannot hold that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S. at 329. Toston has failed to demonstrate that she is actually innocent. The court will dismiss the action as untimely.

4

### C. The court will not address respondents' other arguments

Respondents also argue that grounds 2, 5, and 6 are not cognizable in federal habeas corpus. The court will not address these arguments because the court is dismissing the action as a whole as untimely.

### D. The court will not issue a certificate of appealability

To appeal the denial of a petition for a writ of habeas corpus, Toston must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Reasonable jurists would not find the court's determination that Toston had failed to present any new evidence in support of her argument for actual innocence to be debatable or wrong. Toston just was trying to litigate the merits of her claims in the guise of an actual-innocence argument. Reasonable jurists thus would not find the court's determination to dismiss the action as untimely to be debatable or wrong. The court will not issue a certificate of appealability.

## V. Conclusion

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 17) is **GRANTED**. This action is **DISMISSED** with prejudice as untimely. The clerk of the court will enter judgment accordingly and close this action.

///

///

///

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: April 10, 2020

_____
GLORIA M. NAVARRO
United States District Judge